**GROUNDS v. ROTH.**

**WILSON & CO., Inc. et al.**
**v.**
**FRANTZ.**

Nos. 4734, 4735.

United States Court of Appeals
Tenth Circuit.

Feb. 2, 1954.

Robert D. Looney and Paul C. Duncan, Oklahoma City, Okl. (Clayton B. Pierce, Fred M. Mock and James W. Shepherd, Oklahoma City, Okl., on the brief), for appellants.

John F. Butler, Oklahoma City, Okl. (Butler, Rinehart & Morrison, Oklahoma City, Okl., on the brief), for appellees.

Before PHILLIPS, Chief Judge, and BRATTON and HUXMAN, Circuit Judges.

HUXMAN, Circuit Judge.

These were actions for personal injuries arising out of a collision between two trucks on U. S. Highway No. 81 about 1.5 miles North of the town of Renfrow, Oklahoma. The accident occurred about 10:20 p. m. Appellee, Eldo Frantz, in the course of his employment was driving a truck, the property of Irene Roth and Cy Roth, d/b/a The Mid-Kansas Hatchery and Produce Company. He had left the emergency brake on, causing the brake band lining to catch on fire. He was driving North at the time. When he noticed smoke coming up through the floor boards, he pulled partly off the paved highway to the East, stopped and proceeded to put out the fire. Because of a defect in the motor, he was unable to start the truck again. While he was thus parked, appellant, Oscar James Grounds, coming from the South in a truck belonging to his employer, Wilson and Company, Inc., crashed into the rear of the parked truck with serious injury to himself.

In Number 4734 Grounds sought recovery of damages to himself from the Roths on the ground of the negligence of their employee, Eldo Frantz. In Number 4735 Eldo Frantz sought recovery of damages to himself from

Grounds and Wilson and Company, Inc., his employer, because of the negligence of its employee, Grounds, in the operation of its truck. Trial was had to a jury. In Number 4734 the jury returned a verdict for the defendant upon which judgment was entered. In Number 4735 it returned a verdict ffor plaintiff upon which judgment was likewise entered. In each case the losers have appealed. The issues in each case were the negligence of Frantz, the driver of the Roth truck, and the contributory negligence, if any, on the part of Grounds, the driver of the Wilson and Company truck.

Appellants in each case urge two grounds for reversal. (1) The court committed error in its comments on the evidence to the prejudice of appellants and (2) the court erred in its instructions.

Before discussing these issues, a statement of the facts about which there is no dispute might well be helpful. Title 47 § 121.8, Okl.St.Ann., dealing with parking or standing of trucks, etc., upon the highway provides that on any highway outside of the business or residence district no person shall stop, park or leave standing any vehicle attended or unattended upon the paved or main travelled part of the highway, when it is practical to stop, park or leave such vehicle off the highway.

Title 47 Okl.St.Ann. § 148, provides that red flares, lanterns, or in the place of lanterns, red burning fusees shall be carried by buses, trucks etc., and for the attachment of three red cloth flags or portable reflector units clearly visible for at least 500 feet under normal conditions at night, and it further provides that where a truck, etc., is left parked upon the highway outside of any municipality at a time when lighted lamps are required a lighted fusee shall be immediately placed on the roadway and, as soon thereafter as possible and within the burning period of the fusee, lighted flares shall be placed as directed by the statute.

Frantz did not drive his truck off the paved portion of the highway and park it on the shoulder, which was of ample width and in such condition that it could have been parked thereon. Neither did he at any time put out fusees or flares, although he had them with him. He had with him a boy named Ralph Robbins, age 19 years, whom he sent back to flag oncoming traffic. Robbins testified that the tail lights were not burning and that there were no reflectors on the back of the truck. Lawrence Spray, a member of the highway patrol who investigated the accident, also testified that the truck had no reflectors or rear lights. These facts as narrated are without dispute.

Whether there was need to park the truck partly on the highway, notwithstanding the ample shoulders and the positive mandate of the statute, how near to the center line of the middle of the highway the truck in fact was, whether there was an excuse for not immediately putting out fusees as required by law were disputed issues in the case on which there was conflict in the evidence. Thus while Frantz testified that the left wheels of the truck were parked on the East edge of the highway, a witness, Hamilton, testified that he was coming from the North travelling on the West side of the highway; that he was just about opposite to the parked truck when the crash occurred and that the biggest part of the truck was on the pavement. Mrs. Genevieve Kurran, riding with Hamilton in the car, testified that the biggest part of the truck was on the pavement; that it was close to the black line. Spray also testified that all the truck except the right wheel was on the slab.

The attorneys for Grounds offered evidence tending to show how long it would take to light fusees. The court indicated that this evidence was unnecessary because Frantz had admitted that no fusees were placed as required by law, but admitted the evidence with the remark that it was immaterial and that it did not help the court, did not help the jury, and just took up time. We are of the view that the evidence was material to the issue whether Frantz had

time to place the fusees after the fire had been extinguished, assuming that he was warranted in not placing them before or not instructing Robbins to place them rather than directing him to merely flag oncoming traffic. Frantz' evidence clearly indicates that there was an intervening interval of time between the time when the fire was extinguished and before the crash occurred. Thus he testified that after he extinguished the fire he got out from under the truck, flagged a passing car,[1] talked to the driver thereof, asked him if he were going to Caldwell, and asked him to send a wrecker, and thereafter went behind his truck and saw there were no lights in the rear. It would seem that in any event under the statute his first duty then would be to put out fusees. Whether the time intervening between the extinguishment of the fire and the crash was sufficient to put them out had a material bearing on the question of his negligence and the time required to put out fusees had a bearing on this issue and the court's remarks well could have influenced the jury in rejecting this evidence as being immaterial. Exceptions were taken and are urged to other remarks by the court which need not be specifically discussed.

■ We think there was a substantial conflict in the evidence on all the issues in the case. The privilege of a trial judge in a trial in a federal court before a jury to comment on the evidence is of such universal recognition that no authorities will be cited in support thereof. It is likewise recognized without exception that such comments when undertaken must be of such a nature as not to mislead the jury or tend to influence it in its deliberations; that they must be fair and must not overly emphasize

certain facts to the exclusion of others. If the court's statement, "There is very little controversy over what actually happened" was meant to apply to the facts bearing on the issues of negligence and contributory negligence, we think it was erroneous and would tend to mislead the jury. If on the other hand the court meant thereby that the facts of the accident were not in dispute, the remark perhaps was not erroneous. But we cannot tell what meaning the jury ascribed to this remark.

A careful résumé of the court's summation of the evidence lends support to the contention that it tends to overemphasize the evidence favorable to Frantz and to minimize the evidence detrimental to him. It is, of course, obvious that it is difficult to keep in mind all evidence bearing on the issues in a contested fact case, but where the court undertakes to comment a fair recital must be made but even where, as here, failure to fairly comment on all the evidence results perhaps from failure to recall all such evidence or from inadvertence, the effect thereof is the same.

We are of the view that the italicized portion of the following instruction of the court was erroneous in light of the evidence outlined above; "The *uncontradicted testimony* is he tried to put out the fire, *and as soon he he put it out he did try to get the flares,* * * *.*"

■ We think the court correctly instructed the jury with respect to the statutory duty under Oklahoma law where an emergency makes necessary the parking of a truck on the travelled portion of a highway. Grounds' requested Instruction No. 3 is set out in footnote two.[2] The instruction contains the nota-

---

1. In fact his evidence is that he flagged two passing cars, one of which did not stop.

2. "The jury is instructed that the laws of the State of Oklahoma provide as follows (Okl. Statutes Annotated, Title 47, Sec. 121.8):
    " 'Parking or Standing.
    " '(a) Upon any highway outside of a business or residence district no person

shall stop, park, or leave standing any vehicle, whether attended or unattended, upon the paved or main traveled part of the highway when it is practical to stop, park, or so leave such vehicle, off such part of said highway.'

"The fact that the truck driven by Mr. Grounds ran into an object on the highway does not mean that Grounds violated this statute. It is for you to determine

tion "given Grounds and Wilson and Company." The record does not show that this instruction was in fact given. The court did in substance give the second paragraph of the instruction but we think it should likewise have given the first paragraph thereof in connection with the other applicable statutory law.

These two cases were tried jointly in one trial. The issues are the same and no attempt has been made to treat them separately and the judgment required in each is identical. The judgment in Number 4734—Oscar James Grounds v. Irene Roth and Cy Roth, d/b/a The Mid-Kansas Hatchery and Produce Company—and the judgment in Number 4735—Wilson and Company, Inc., a corporation, and Oscar James Grounds v. Eldo Frantz— are reversed and each cause is remanded with directions to grant a new trial.

whether or not Grounds was negligent in hitting an unlighted truck parked on the pavement while he was meeting the automobile of Mr. Hamilton."